## Winternitz *versus* Porter.

1. Where a married woman lives apart from her husband, and is an actual, and has been decreed, a *feme sole trader*, she is liable for an indebtedness incurred by herself in the repair and improvement of her separate real estate, and suit may be maintained therefor against her alone, without joining her husband.

2. Cleaver *v.* Scheetz, 20 P. F. Smith 496, distinguished.

November 21st 1877.  Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ.

Error to the Court of Quarter Sessions of *Lawrence county:* Of October and November Term 1877, No. 90.

Assumpsit by Austin Porter against Mrs. Elizabeth Winternitz for work done and materials furnished in the repair of her property.  Mrs. Winternitz, a married woman, was engaged in the grocery and provision business in the city of New Castle, Lawrence county.  She was living apart from her husband.  In 1871 she obtained a decree from the Court of Common Pleas of said county, authorizing her to act as a feme sole trader.  In 1873 she employed the plaintiff to paint and glaze two buildings owned by her, and Porter brought this suit to recover a balance alleged to be due for said work.  The defendant, in addition to the usual pleas, pleaded her coverture.

At the trial before McJunkin, P. J., the defendant submitted the following points, to which are appended the answers of the court :—

1. Although the defendant, at the time of the creation of the alleged liability, was a duly decreed feme sole trader, as provided for by Act of Assembly, unless such liability accrued in the course of the trade or business engaged in by her for a livelihood, it is not within the purview of the act, and the plaintiff cannot recover.

Ans.  "We refuse to instruct you as requested, but submit it to you to say whether or not the liability contracted in this case accrued in the course of the trade or business engaged in by defendant for a livelihood for herself and family.  If the liability did not so accrue, then this suit cannot be maintained.  If the liability did so accrue, then it can be maintained."

2. Even if the defendant is liable for debts contracted by her for the repair and improvement of her separate real estate, she being covert when sued, this suit cannot be maintained because her husband was not joined with her therein.

Ans.  "We refuse to instruct you as requested, as we think the question raised by the point does not arise in the cause on trial, nor is it applicable to it."

Verdict and judgment for the plaintiff, and defendant took this writ, assigning the foregoing answers of the court for error.

*B. A. Winternitz* and *D. B. & E. T. Kurtz,* for plaintiff in

[Winternitz *v.* Porter.]

error.—The extent of defendant's individual liability is governed
by the business engaged in by her, as limited by the Act of 1718
(1 Sm. Laws 99) to shop-keeping or some other trade. Con-
tracts made by her in respect to her real estate are not such busi-
ness, and can be enforced only in an action against the husband
and wife. If the liability accrued in the course of her business as
a feme sole trader she would be liable in this suit, but having been
incurred for the repair and improvement of her separate real estate,
she is not liable.

*J. M. Martin,* for defendant in error.—The Act of 1718 is
not particular as to the trade or business engaged in, so it is for the
support of the feme sole trader and her family, and whether it is
for this purpose is a question of fact for the jury under all the evi-
dence of the case, and it was proper for the court to submit it:
Burke *v.* Winkle, 2 S. & R. 180.

Chief Justice AGNEW delivered the opinion of the court, Janu-
ary 7th 1878.

This case does not fall within the principle of Cleaver *v.* Scheetz,
20 P. F. Smith 496. That was the case of a set-off for *maintenance*
against a married woman, who never had acted or been declared a
feme sole trader, and whose husband was residing in the same city
and engaged in business. It was simply an attempt to make a
married woman's separate estate liable for her husband's proper
debt, contrary to the provisions of the Act of 1848. Here, how-
ever, Mrs. Winternitz was not only living apart, and an *actual*
feme sole trader, but had been duly declared such by the court.
She was also the owner of real estate, and the debt was contracted
by herself for repairs to her real estate. It was a debt for which
her own estate was properly liable, and she had conducted herself
toward it as one who is a feme sole. Being liable for the debt, and
having at law the power to sue and be sued without joining her
husband with her, it would be rather a fanciful distinction to hold
that her husband must be joined with her in this suit—in other
words, to hold that, as to all contracts concerning her grocery busi-
ness, she could sue or be sued alone ; but that she cannot sue for
the rent of her real estate, or be sued for its repairs without join-
ing her husband. The case is clearly within the spirit of the Acts
of 1718 and 1855 when taken together, and not against the Act of
1848. In the case of Cleaver *v.* Scheetz, the wife was neither
liable for the debt, nor a feme sole trader, in fact or in law. That
case does not refer to or in any manner speak of the exceptional
liability of a married woman for necessary repairs and improve-
ments to her separate real estate, which has been held to arise
under the spirit of the Act of 1848. It therefore in no sense
governs this case.                              Judgment affirmed.